STATE of Missouri, Respondent,

v.

Richard F. SMOTHERS, Appellant.

No. KCD 26860.

Missouri Court of Appeals,
Kansas City District.

Dec. 30, 1974.

Kenneth K. Simon, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Karen I. Harper, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER, WASSERSTROM and TURNAGE, JJ.

SHANGLER, Judge.

The defendant Smothers in concert with DeMoss and Nagy robbed and brutally garotted one Shoup. The defendant neither testified nor offered evidence. DeMoss, who had been sentenced under a plea of guilty to murder in the second degree, testified for the State but Nagy was not called. The defendant was convicted of murder in the first degree and sentenced to life imprisonment. He now appeals from the judgment of conviction.

The claims of error do not require a review of the evidence. On this appeal, the defendant complains of ineffective assistance of counsel and that the state employed improper argument.

■ Counsel for defendant, serving at the choice of defendant, filed a motion for new trial. The defendant, apparently without other advisement than his own, had previously written a letter to the trial court in which he complained of certain felt grievances against his trial counsel, and requested the appointment of new counsel. The trial court treated both the formal motion and the letter of defendant as a composite motion for new trial. The letter alleged that the failure of trial counsel to call and use James Nagy as a defense witness to clear him of the charges at hand, his failure to permit defendant to testify on his own behalf and his failure to pursue the possibilities of a hearing as to his mental fitness—as defendant had requested of him—all attested to ineffectiveness of counsel. The trial court took up consideration of these contentions at a

hearing for that purpose. At that hearing, the court, quite properly, informed the defendant that assertions of ineffective assistance of counsel were normally for consideration on a collateral attack on the judgment under Rule 27.26, V.A.M.R. and refused to consider the claims that counsel was ineffective for failure to call Nagy as a defense witness and to advise defendant to testify in his own behalf. The presentation of these grounds on direct appeal is premature; appellant may have full review of these complaints from a judgment on a Rule 27.26 proceeding adversely ruled to him. State v. Bibbs, 461 S.W.2d 755 (Mo. 1970).

■ At the motion for new trial hearing, the court did consider the claim of right by defendant to have been examined and heard on the issue of mental fitness. At that inquiry, it was determined that the defendant's claim to have been examined for mental fitness was not on any assertion of lack of fitness to proceed or capacity to commit the offense charged but as a device to prove to the jury that he was "normal", that is, morally incapable of such a vicious murder. The court then offered the defendant opportunity for mental examination of the purposes of the statute [Chapter 552] but the offer was refused by the defendant. The defendant has waived that specification for new trial. The court thereupon overruled the composite motion for new trial.

■ The final point appellant makes is of improper argument of the prosecuting attorney. From the brief exposition of this abstract point, the complaint appears to be that the argument of the prosecuting attorney, that the jury were not to consider the arguments of counsel unless supported by exhibits or a witness, constituted an improper reference to the failure of appellant to testify. No such objection was made to this argument at the trial, thus this claim of error is not preserved for review. State v. Barron, 465 S.W.2d 523 (Mo. 1971). This point is rejected even on the

merits. While it is unquestionably true that direct and specific reference by a prosecuting attorney to the failure of a defendant to testify constitutes reversible error [State v. Hutchison, 458 S.W.2d 553, 356[4] (Mo. banc 1970)], the argument of which appellant complains was not reasonably susceptible as such a comment. It was nothing more than a restatement of Instruction 1 of the trial court, an instruction which appellant does not challenge.

The appellant raises another complaint, which although briefed within the context of ineffectiveness of counsel [which we do not treat on this direct appeal] is posed as reversible trial error. The complaint is that, although there was no such evidence, the prosecuting attorney argued to the jury that three days after the murder, co-actors DeMoss and Nagy gave statements which implicated the defendant Smothers. The record clearly shows, however, that the testimony of the two statements came in, without objection, from Detective Sergeant Jeffries. Also, not only was the closing argument of the prosecutor made without objection, but defense counsel himself attempted to discredit the effect of the confessions of DeMoss and Nagy by arguing to the jury that they had been given by them for the reward of lenient treatment.

The appellant acknowledges failure to object to either the evidence of Jeffries or to the argument of the prosecutor and that his complaint is not preserved in the motion for new trial, but asserts plain error under Rule 27.20(c). The doctrine of plain error was not intended to cover ordinary trial errors and may be given effect only if the impropriety had a decisive effect on the jury so that a manifest injustice resulted. State v. Elmore, 467 S.W.2d 915 (Mo.1971). In this case, the guilt of the defendant was established by overwhelming evidence. DeMoss testified for the state and described in full and vivid detail the participation of each of the three, including defendant Smothers, in the robbery and strangulation of the victim, the identification of the property taken and its disposition. Some of this property, an automatic pistol, television set, Spiro Agnew wristwatch, among them, was kept by defendant and found in his residence as a result of an authorized search. The wristwatch, taken from the person of the defendant's mistress during the search, had been given to her by the defendant, according to her testimony. This specific property was identified as that of the victim by his business partner. On this evidence of guilt, the argument of the prosecutor could not have impaired the substantial rights of the defendant and the plain error rule could not be invoked to review such a contention. State v. Caffey, 457 S.W.2d 657, 660[4, 5] (Mo.1970); State v. Agee, 474 S.W.2d 817, 820 [9, 10] (Mo.1971.)

The judgment is affirmed.

All concur.