STATE of Missouri, Plaintiff-Respondent,

v.

Gilbert CAGE, Defendant-Appellant.

No. 37010.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 4, 1976.

Joseph W. Warzycki, Blair K. Drazic, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant appeals from a judgment of conviction entered by the Circuit Court of the City of St. Louis on a jury's verdict finding him guilty of robbery in the first degree by means of a dangerous and deadly weapon.

The court found that defendant was a second offender and sentenced him to twenty (20) years imprisonment.

On appeal, defendant contends that the trial court erred in unduly limiting his cross-examination of a material state witness. We disagree and affirm the judgment of conviction.

Nathaniel Thomas and Ralph Scales identified defendant as one of the persons who robbed the Contessa Motel in the City of St. Louis, Missouri. Nathaniel Thomas, the desk clerk, testified that defendant did not wear a mask, was in his presence for four (4) minutes during the robbery, and that he identified defendant in a police lineup the same night of the robbery.

Thomas admitted that he was a former drug addict; that he lived in a rehabilitation house for addicts until a few days before the trial; that he had previously been convicted on eight occasions, including one for the sale of heroin; that he had used no drugs since December, 1972; and that he had received treatment and counseling for his habit.

After all of the above testimony had been received, defendant asked Thomas the effect that shooting heroin had upon him. The court sustained the state's objection. Defendant contends, citing McCormick on Evidence, § 30 at p. 58 (2d Ed.1972), that the question was proper to test Thomas' ability to recall.

Prior to the court's ruling upon defendant's objection, counsel informed the court that the purpose of the question was to demonstrate that Thomas could not give an accurate description of defendant if Thomas had been using heroin on the day of the offense. The court inquired of counsel whether he had any evidence to show that Thomas was on heroin. Counsel answered no, and the court thereafter sustained the state's objection. In this posture, a complete answer to defendant's claim of error is that he had no evidence to support the question. But, even if we were to assume the question to be proper, nevertheless, the trial court has a wide latitude to control the scope and extent of cross-ex-

amination. *State v. Winn,* 324 S.W.2d 637, 642–43 (Mo.1959). Here, the court permitted defense counsel to develop fully Thomas' prior record and drug experiences so as to test his credibility and place him in his proper setting. Consequently, we find no abuse of discretion, and thus affirm the judgment.

Judgment affirmed.

WEIER, P. J., and DOWD, J., concur.