**Gilbert CAGE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 39638.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Oct. 24, 1978.

Devereaux & Stokes, Michael D. Stokes, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Dean R. Hoag, Asst. Circuit Atty., St. Louis, for respondent.

GUNN, Judge.

In this Rule 27.26 appeal, movant claims ineffective assistance of counsel by reason of his trial attorney's failure to call and investigate alibi witnesses. We find no merit to movant's contentions and affirm the denial of his Rule 27.26 motion.

Movant was convicted of armed robbery. He claims that his trial counsel failed to interview three prospective alibi witnesses or put them on the stand; that he was thereby deprived of effective assistance of counsel. Movant's contentions were completely refuted by his trial counsel at the Rule 27.26 hearing. And, of course, it is the trial court's prerogative to resolve the conflict of testimony in favor of the trial counsel. *Williams v. State*, 550 S.W.2d 821 (Mo.App.1977); *Jackson v. State*, 540 S.W.2d 616 (Mo.App.1976). Movant's trial counsel testified that he had investigated each of the three witnesses; that two of them were not in favor of testifying favorably for movant; and that the third could not have honestly placed himself with movant at the time of the crime without perjuring himself. As a result of the investigation, movant's trial counsel was of the opinion that placing any of the witnesses on the stand would have been detrimental to movant's cause. After discussion with movant, it was agreed that the best strategy would be not to call the witnesses. "The determination of which witnesses to call and how best to defend the case is a matter of trial strategy." *Taylor v. State*, 548 S.W.2d 288, 290 (Mo.App.1977). We do not find the trial counsel's action in failing to call the aforementioned witnesses in any way deprived movant of effective assistance of counsel or fair trial. *Williams v. State*, 536 S.W.2d 190 (Mo.App.1976).

Movant also argues that his trial counsel failed to investigate the fact that the State's key witness was a drug addict. But movant's trial counsel's testimony belies that fact. Further, the opinion in the appeal of movant's conviction—*State v. Cage*, 538 S.W.2d 343 (Mo.App.1976)—establishes that movant's counsel had thoroughly delved into the matter of the victim's narcotic habits. There is absolutely no merit to movant's argument in this regard.

Affirmed.

REINHARD, P. J., and CLEMENS, J., concur.