STATE of Missouri,
Plaintiff-Respondent,

v.

Michael Patrick RUSSELL,
Defendant-Appellant.

No. 40669.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 20, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 18, 1980.

James M. Martin, Rau & Martin, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Presiding Judge.

Michael Patrick Russell, defendant below was convicted by a jury of assault with intent to kill with malice aforethought and sentenced to five years imprisonment. This appeal follows.

In early November, 1977, the defendant came into Mr. Preston's bookstore located at Meramec near Grand Avenue in St. Louis, Missouri. An argument between the two men ensued. Mr. Preston, brandishing a cap pistol requested that defendant leave the store. As he was leaving defendant shattered the already cracked front plate glass window of Mr. Preston's store.

Approximately one week later, on November 15, 1977 Mr. Preston was sitting in

his bookstore when he heard what sounded like a kick and then breaking glass. Mr. Preston armed himself with a teargas gun and ran out the front door. He saw the defendant with another man, Dan Smith, whom he ordered to halt. The two men then turned and advanced toward Mr. Preston. Mr. Preston once again ordered defendant and Smith to halt but they continued to come toward him. Mr. Preston testified that the men "spread out" as they advanced. Smith raised his hand in a manner interpreted by Mr. Preston as threatening whereupon Mr. Preston struck Smith on the head with the teargas gun. The force of the blow knocked the gas gun to the ground. Mr. Preston then felt himself being stabbed. After the knife was pulled from his stomach, Mr. Preston saw that it was in defendant's hand. Smith picked up the gas gun then he and the defendant left the store. Mr. Preston went back into his store, and called the police.

Defendant complains in his first point that the trial court erred in refusing to grant a mistrial following introduction into evidence statements by witnesses that the defendant appeared to be under the influence of drugs at the time of the assault and subsequent arrest. Defendant claims that this evidence allowed the jury to infer a general propensity by the defendant for criminal activities in violation of his right to due process and a fair trial.

Several times prior to the defendant's testimony the prosecutor attempted to introduce testimony indicating that the defendant was under the influence of drugs at or near the time of the incident. The trial court sustained defense counsel's objections on the grounds that this type of evidence would only be proper in rebuttal to defendant's testimony. After the defendant testified that he was not "high" on drugs at the time of the arrest Officer Allers was allowed to testify that the defendant's speech was slurred and actions uncoordinated and that in the officer's opinion the defendant "was high on something."

■ Generally, the circumstances surrounding arrest are admissible as tending to shed light on the events as they occurred. *State v. Davis,* 530 S.W.2d 709, 713 (Mo. App.1975). In the instant case, the defendant claimed that he stabbed Mr. Preston in self-defense. Evidence tending to show that the defendant was under the influence of drugs is relevant to the issue of whether the defendant initiated the altercation and whether he reasonably evaluated the need to defend himself. *State v. Fisher,* 302 S.W.2d 902, 905 (Mo.1957). In addition, any evidence which tends to elucidate the credibility of a witness, including the circumstances surrounding the event about which he is testifying, is admissible for impeachment purposes. *See, Stanziale v. Musick,* 370 S.W.2d 261, 268 (Mo.1963); *Roberts v. Emerson Electric Manufacturing Co.,* 362 S.W.2d 579, 584 (Mo.1962).

■ The defendant cites *State v. Cage,* 538 S.W.2d 343, 344 (Mo.App.1976) in support of his claim that his condition at the time of the alleged offense was improperly admitted into evidence. In the *Cage* case the counsel for defendant asked the State's witness if he had used heroin on the day in question. Objection was heard and sustained after defense counsel admitted that he had no evidence that the witness had used heroin on that day. This court, in affirming that decision merely deferred to the trial court's broad power to control cross examination. In the instant case, however, the prosecutor had independent evidence that the defendant was high on drugs at the time of the assault and therefore, when the defendant denied the use of drugs on that occasion it was not error for the trial court to allow the prosecutor to rebut the defendant's testimony, a proper foundation having been laid.

Defendant's first point, therefore, is ruled against him.

■ Defendant, in his second point, claims that the trial court erred in submitting to the jury the self-defense instruction MAI–CR 2.40 which included that section which reads: "If the defendant did not provoke the use or threat of force against himself and if . . . ." Defendant's requested self-defense instruction omitted

this portion of the approved instruction. Provided there had been no evidence of provocation by the defendant he would have been entitled to submission of the instruction as he requested, i. e., without the sentence concerning provocation. Such was not the case. There is ample testimony in the record to support an instruction to the jury which includes the issue of provocation.[1] The defendant admits as much in his brief.

The issue of provocation was for the jury to decide and was properly submitted by MAI–CR 2.40.

Defendant's second point is without merit.

Judgment affirmed.

CRIST and REINHARD, JJ., concur.

[1] Defendant also claims that the jury should have also given the opportunity to decide whether or not he withdrew from the conflict. This issue was not supported by any evidence and was therefore, properly excluded from the jury's consideration. State v. Perry, 565 S.W.2d 841 (Mo.App.1978).