Richard F. SMOTHERS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31658.

Missouri Court of Appeals,
Western District.

March 2, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 30, 1981.

Application to Transfer Denied
May 11, 1981.

John E. Turner, Kansas City, Popham, Conway, Sweeny, Fremont & Bundschu, P. C., Kansas City, of counsel, for appellant.

John Ashcroft, Atty. Gen., Nancy Kelley Baker, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., TURNAGE and CLARK, JJ.

PRITCHARD, Presiding Judge.

In this Rule 27.26 proceedings, appellant contends that his trial counsel was ineffective by reason of failure to call certain witnesses. Appellant was convicted of murder in the first degree, with a sentence of life imprisonment, and the judgment of conviction was affirmed in *State v. Smothers*, 518 S.W.2d 187 (Mo.App.1974).

On this appeal, appellant contends first that he was denied effective assistance of counsel because he failed to call Davis and Patricia Saulmon as his witnesses "at a time when appellant's trial counsel was operating under an ethical conflict." The absence of these witnesses is not alleged in the motion, but testimony came in without objection during these proceedings. The motion will be treated as being amended to include the allegation. Appellant took the position at this hearing that he did not commit the murder, but he was a fence for stolen goods. Nagy and Demoss sold him some stolen goods for $200, and then, according to appellant, went out and committed the murder. Appellant testified that the Saulmons were in the courtroom at his trial, and would have testified that he was a fence at the time, and would have testified further as to his general character. He acknowledged that his counsel told him that

their testimony would harm his case irreparably. And once the Saulmons testified as to appellant's character, they could be asked on cross-examination as to appellant's many arrests and convictions which he acknowledged in this hearing he had. Counsel cannot be deemed ineffective in failing to call witnesses if their testimony would not have aided the defense. See *Charles v. State*, 570 S.W.2d 700, 702[2, 3] (Mo.App.1978); *Sherrill v. State*, 515 S.W.2d 611, 613[4, 5] (Mo.App.1974).

Appellant contends second that he was denied effective assistance of counsel because he failed to call witness James Nagy to clear him of the charges (see this allegation on the appeal, 518 S.W.2d 187, 188[1], not then cognizable). He asked counsel to call Nagy to the stand, which counsel declined to do. His position was: "A. I still believe that Nagy would have cleared me. If I may clear this just a bit here. The problem was, I don't believe it ever came into point I was a fence. My wife had been in jail nearly five months. I was buying and reselling stolen material. I bought two pistols, a color T.V. set and a box of assorted merchandise from Nagy and Demoss on Tuesday evening. Now the following Friday I was arrested for murder. I found out at that time that they had killed the man they got it from." Because he had paid Nagy $200 for the stolen goods, he assumed he would tell the truth (and absolve appellant?).

Appellant's trial counsel testified: He recalled that he and appellant had some discussions about Nagy, who was upstairs in the county jail and was charged with the same crime. It was counsel's opinion that it would be to appellant's disadvantage to call Nagy to the stand because he was at that time, or soon to be, adjudicated mentally incompetent. He did not recall that appellant informed him that Nagy would clear or exculpate him, but he may have done so. Counsel advised appellant not to testify because of his pre-trial investigations and conferences with him indicated and led counsel to believe that appellant was guilty as charged, and if he chose to testify, it would be necessary for him to make a statement

from the stand without counsel questioning him. As to reasons for not calling Nagy as a witness, counsel testified: "A. I don't see how we could have called Mr. Nagy. Mr. Nagy was there involved. Mr. Demoss was there involved. And I had reason to believe that my client was there involved. And as an officer of the court, I can't call a witness to the stand—you could suborn perjury." Nagy was in Fulton and in a state of non compos mentis, and counsel thought it would be extremely detrimental to his client's interest to put a man on the stand that he did not have any idea what he was going to say one way or another, and he saw no reason to put a man on the stand who was going to lie, as appellant suggested, "and say that Mr. Smothers wasn't there when I had every reason to believe he was there and implicated. * * * Q. You testified earlier that your conferences with your client led you to believe that he was guilty as charged. What did he say to you in that respect. A. Specifically? Q. Yes. A. He told me he did it and how he did it. He told me that in Grandview Jail the first time after I received his first telephone call." He told him the same thing on more than two occasions thereafter. Counsel told appellant he was not going to call a witness to the stand to lie.

Counsel was under an ethical obligation not to present perjured testimony. *Allen v. State*, 518 S.W.2d 170, 172 (Mo.App.1974), where counsel was told by defendant that he had participated in the crime and he, accordingly, knew that the alibi witnesses would be offering perjured testimony, and he was therefore under an absolute duty not to call them. See also *Bennett v. State*, 549 S.W.2d 585, 587[7–9] (Mo.App.1977). Counsel could not thus be charged with being ineffective.

It was for the trial court to resolve the conflict between counsel's testimony and that of appellant as to whether appellant admitted his guilt to counsel. *Williams v. State*, 550 S.W.2d 821, 822–23 (Mo.App. 1977); and *Cage v. State*, 573 S.W.2d 73, 74[1–3] (Mo.App.1978). Quite apparently, the trial court chose to believe counsel.

The judgment is not clearly erroneous and it is affirmed.

All concur.