**STATE of Missouri,
Plaintiff-Respondent,**

**v.**

**Isiah WILLIAMS, Defendant-Appellant.**

**No. 48697.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 23, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 5, 1985.

Application to Transfer Denied
Aug. 7, 1985.

Marianne Marxkors, Asst. Public Defender, St. Louis, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from his convictions of first degree robbery and armed criminal action and the resulting thirty year concurrent sentences as a prior and persistent offender. We affirm.

Defendant, armed with a handgun, accosted the elderly victim on the parking lot of a National food store and stole her purse. He was identified at trial by the victim and a bystander who attempted to stop defendant as he was fleeing.

■ Defendant first challenges the identification by the victim on the basis that it was the product of an impermissible suggestion by the police. The "suggestion" was that the police had caught a man fitting the description of her attacker robbing someone at another National store and would like the victim to view him in a lineup. No name or further description of the suspect was given the victim. The statement by the police officer was untrue as defendant had been arrested at home. The victim did not attend the lineup and made no identification of defendant until at least three weeks later at the preliminary hearing. At that hearing she saw defendant in the courtroom, instantly recognized him, and became upset. We cannot perceive what the police officer's statement had to do with the identification three weeks later at the preliminary hearing.

There is not the slightest indication in the record that the statement and the identification were intertwined.[1] We find no error in allowing the victim's identification of defendant. *State v. Higgins,* 592 S.W.2d 151 (Mo. banc 1979) [12].

■ Defendant also complains of certain testimony elicited by the prosecution during cross-examination of defendant's mother. That testimony indicated that defendant had escaped from St. Mary's Honor House, a half-way house, after his release from prison. Defendant correctly asserts that the testimony was evidence of other crimes. We do not agree, however, that its admission was erroneous.

Defendant's mother was placed on the stand by defendant to testify to defendant's appearance at the time of the robbery. That appearance, the mother said, was different than that described by the prosecution witnesses. The mother's knowledge of that appearance was based upon defendant residing with her at the time of the crime. On cross-examination the prosecution elicited the mother's testimony that defendant had resided with her for three months prior to the crime. Then the prosecution established that in fact defendant was in the St. Mary's Honor House until a month before the crime. It was further established that the mother knew the defendant had escaped from St. Mary's, that she nevertheless provided him with a place to live, and that she did not report that he was living with her to the authorities at St. Mary's until after his arrest. All of this testimony related directly to the credibility of the witness, to the accuracy of her memory at the time of and prior to the crime, and to her bias and her interest in protecting the defendant. As such the evidence was relevant to discredit her testimony on a key question in the case, the defendant's appearance at the time of the crime. We do not find an abuse of the trial

---

1. Defendant stresses that the victim told the police several times that she could not identify the robber. The victim testified that she made those statements out of fear and that she was always able to identify her attacker. Her daughter corroborated that testimony. The victim's statements to the police go to the weight to be given her identification not its admissibility. We are unable to find any but the most tenuous connection between those statements and the "suggestion" of the police officer.

court's discretion in controlling cross-examination. *State v. Kirk,* 636 S.W.2d 952 (Mo.1982) [11, 12]; *State v. Russell,* 602 S.W.2d 465 (Mo.App.1980) [1–3].

■ Defendant's final claim of error relates to an objection made by the prosecutor during argument to a misstatement of the testimony by the defense attorney. No objection to the objection was made and no relief was requested. Defendant claims that the objection stated that defendant was involved in other robberies. We do not so interpret the objection. We view it as a correct statement that defense attorney's argument that the police told the eyewitness (not the victim) that defendant was involved in other robberies was not supported by the evidence. The objection was not artfully worded but we do not find in the context made that it necessarily carried the meaning attributed to it by defendant. We find no plain error in the trial court's failure to grant relief *sua sponte.*

Judgment affirmed.

SNYDER and SATZ, JJ., concur.