Danny Glenn THOMAS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 14210.

Missouri Court of Appeals, Southern District, Division Two.

May 16, 1986.

Lew Kollias, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Stephen D. Hawke Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Chief Judge.

Movant was convicted of capital murder and sentenced to life imprisonment without the possibility of probation or parole for 50 years. That conviction was affirmed. See *State v. Thomas,* 595 S.W.2d 325 (Mo.App. 1980). Defendant then filed a motion under Rule 27.26 seeking to vacate the conviction. Following an evidentiary hearing the trial court made findings of fact, conclusions of law, and entered judgment denying the motion.

On appeal movant contends that the trial court erred because he was denied effective assistance of counsel in the criminal trial. He claims his attorney: (1) failed to subpoena a co-defendant who would have testified that the victim was dead when movant shot at the body and that movant was forced into participating in the shooting; (2) failed to "attack the amended information as being defective", forcing movant to proceed to trial on a new and different offense not included in the original offense charged; and (3) committed "an accumulation of errors which prejudiced the appellant by forcing him to proceed to trial without adequate preparation and by denying him a full and fair trial and appeal on the merits of his case."

On appeal the review of a decision regarding a Rule 27.26 motion is "limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.26(j). Only when we are left with a firm conviction that a mistake has been committed are such findings clearly erroneous. *Covington v. State,* 600 S.W.2d 186, 187 (Mo.App. 1980). Movant has the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f).

"To sustain a claim of ineffective assistance of counsel movant must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome." *Tatum v. State,* 693 S.W.2d 903, 904 (Mo.App.1985).

We first discuss movant's contention that his attorney was ineffective for failing to have defendant's brother, a co-defendant, testify. Movant contends that his brother would have testified that the victim was dead when movant shot at the body and that movant was forced to participate in the shooting.

Movant's trial counsel testified that defendant's brother was not called as a witness because his testimony was not needed and because he had several prior convictions which could have been used for

impeachment. "Trial counsel's decision not to call a witness is a matter of trial strategy which will not be lightly judged to be erroneous." *Smith v. State,* 674 S.W.2d 638, 640 (Mo.App.1984). Counsel is not ineffective for failing to call a witness whose testimony would not have aided the defense. *Smothers v. State,* 614 S.W.2d 20, 21 (Mo.App.1981).

 In movant's direct appeal following his conviction he contended that the state had not proven that the victim was alive when movant shot at the victim's body. As the evidence showed that movant acted with others in the common purpose of killing the victim, that he might not have been alive when movant fired the pistol was held not to be a defense. See *State v. Thomas,* supra, 595 S.W.2d at 328.

 Neither at the time of the crime nor now is duress a defense to murder. *State v. Rumble,* 680 S.W.2d 939, 940–942 (Mo. banc 1984); *State v. Lassen,* 679 S.W.2d 363, 369 (Mo.App.1984).

As movant's brother's testimony would not have aided movant's defense, the failure to call the brother as a witness was not ineffective assistance of counsel.

There is no merit to movant's complaint that his counsel failed to "attack the amended information as being defective". The amended information sufficiently stated a charge of capital murder, and no reason was advanced as to why it was defective.

 The original information obviously attempted, if perhaps defectively, to charge the same offense for which movant was tried. The amendment to the original information added that movant had acted "knowingly" and that his actions resulted in the death of the victim "constituting the offense of capital murder". Although movant's trial counsel objected to the amendment, no prejudice was then established or is now shown.

 Movant knew he was charged with murder, the facts were stated in the original information, and it cited the statutory section defining the offense. As movant was aware of the charges against him and was not prejudiced by the amendment, even if counsel had not objected, counsel would not have been ineffective. Counsel is not ineffective in failing to raise issues upon which movant was not entitled to relief. *Ryan v. State,* 634 S.W.2d 529, 532 (Mo.App.1982). See also *Williamson v. State,* 628 S.W.2d 895, 898 (Mo.App.1981).

There is likewise no merit to movant's contention that counsel committed an accumulation of errors which prejudiced movant's case. The record of this matter, which includes the transcript of the criminal trial, establishes that movant received effective assistance of counsel at that trial.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.