**STATE of Missouri, Plaintiff-Respondent,**

v.

**William Wayne MEADE, Defendant-Appellant.**

**No. 52005.**

Missouri Court of Appeals, Eastern District, Division Two.

July 21, 1987.

Motion for Rehearing and/or Transfer Denied Sept. 2, 1987.

Application to Transfer Denied Oct. 13, 1987.

Mary C. McWilliams, Holly G. Simons, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Jeffrey Philip Dix, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was found guilty by a jury of two counts of sodomy. He was found by the trial court to be a persistent sexual offender under § 558.018, RSMo 1986, and sentenced to consecutive terms of 30 years on each count. He appeals; we affirm.

The evidence was that on August 22, 1985, defendant enticed two boys, ages 7 and 11, into a rest room at a Vickers gas station in St. Louis. While in the rest room, defendant masturbated and then placed his penis in the mouths of both boys. There was testimony that defendant and the two victims had engaged in similar acts prior to August 22. On each occasion, defendant gave the boys money after completing the sexual acts.

In his sole point on appeal, defendant alleges that the court erred in allowing the prosecuting attorney to refer in his closing argument to "prior acts of sodomy and sexual abuse by [defendant] which were not in evidence and to personalize portions of his argument to the jury." Concerning "prior acts ... not in evidence," defendant complains about the following portions of the prosecutor's argument:

> Thereafter, not every time, but more than once and several times when he saw William Wayne Meade, things would happen; the same things that happened in that Vickers station.... For the months of June and July and August of 1985, these two children were subjected to numerous acts by this man....

In the rebuttal portion of his argument, the prosecutor asked the jurors if, at some time in the future, they would be able to remember certain details about their present activities, and he asked if they examined their children's underwear when it was in the laundry.

Defendant's trial counsel did not object when the prosecutor made the remarks about which defendant now complains. Rather, after the jury had retired to deliberate, defendant's counsel asked for a mistrial alleging the prosecutor personalized his argument to the jury. The objection to personalization came too late, and defense counsel never objected to the statements about "prior acts ... not in evidence...." Thus defendant's allegations of error were not properly preserved, and our review is limited to the plain error standard of Rule

30.20. *State v. Jones*, 714 S.W.2d 909, 912–13 (Mo.App.1986).

We have examined the record and conclude there is no manifest injustice or miscarriage of justice to constitute plain error. There is evidence in the record about defendant's prior acts with the victims. Thus the prosecutor's statements were proper. *See State v. Graham*, 641 S.W.2d 102, 105 (Mo. banc 1982). Regarding defendant's claim that the prosecutor "engaged in impermissible argument by personalizing certain evidence to the jury," we find no reversible error. We have examined the state's closing argument and conclude that the prosecutor's statements would not "engender fear or inflame individual jurors." *State v. Paxton*, 453 S.W.2d 923, 926 (Mo.1970).

Judgment affirmed.

SMITH, P.J., and DOWD, J., concur.