James **FULLERTON**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. WD 39338.

Missouri Court of Appeals, Western District.

March 15, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 3, 1988.

Application to Transfer Denied June 14, 1988.

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Kevin B. Behrndt, Asst. Atty. Gen., St. Louis, for respondent.

Before LOWENSTEIN, P.J., and NUGENT and MANFORD, JJ.

NUGENT, Judge.

Movant James Fullerton appeals after an evidentiary hearing from the denial of his Rule 27.26 motion affirming his conviction of manufacturing by growing and cultivating marijuana, a controlled substance.

We affirm.

Defendant James Fullerton was convicted after a jury trial of manufacturing by growing and cultivating marijuana, a controlled substance. His conviction was upheld on direct appeal. *State v. Fullerton,* 684 S.W.2d 59 (Mo.App.1984). Defendant then filed a motion to recall the mandate alleging ineffective assistance of appellate counsel. That motion was denied on November 4, 1986. Movant filed his initial motion for post-conviction relief under Rule 27.26 on May 12. Subsequently, movant's counsel amended that motion three times.

Movant appeals the denial of his Rule 27.26 motion and alleges ineffective assistance of counsel in (1) failing to introduce a lease into evidence at trial, (2) eliciting information on cross-examination and then failing to call witnesses to rebut that testimony, and (3) failing to prepare movant adequately to testify at trial.

■ In a Rule 27.26 proceeding movant bears the burden of proof. *Haynes v. State,* 534 S.W.2d 552, 554 (Mo.App.1976). Upon a complaint of ineffective assistance, movant is required to show that counsel failed to exercise the customary skill and diligence of a reasonably competent lawyer under similar circumstances and that this failure prejudiced movant. *State v. Turner,* 623 S.W.2d 4, 12 (Mo.1981) (en banc); *Seales v. State,* 580 S.W.2d 733, 736 (Mo. 1979) (en banc). Appellate review is limited to a determination of whether the findings,

conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j).

▉ Movant contends in his first point that his trial attorney was ineffective because he failed to introduce any evidence of the lease movant allegedly entered into with Bobby Snow for the possession and control of the forty-five acres where marijuana was growing.

After his arrest Mr. Fullerton showed Mr. Dan Purdy, his trial attorney, a copy of the lease, which was purportedly made between movant and Bobby Snow. The document was signed by the two parties but not witnessed or notarized. The lease called for movant to receive $25,000 in advance, $400 per month for four years and $5,000 at the end of that time. According to the findings of the hearing judge, movant unconvincingly testified at the hearing that he was paid in cash. He had nothing to verify that he received the money, and he testified that he did not deposit any of the money in the bank; no record of these large sums existed.

The court found that counsel for movant had experience in drafting leases for farmland in the area and that a forty-five acre plot would usually rent for $1,000–$2,000 per year. This testimony was corroborated by Sheriff Simmons. The court also found that counsel's decision not to introduce the lease was a reasonable trial strategy decision due to the restrictions movant had placed on his investigation. Counsel felt that the lease was vague and that because of the large sums of money involved, it would suggest complicity. The court found Mr. Purdy's judgment to be reasonable under the circumstances. Presentation of evidence is a matter of trial strategy. *Walker v. Lockhart*, 807 F.2d 136, 139 (8th Cir. 1986). Trial strategy cannot constitute ineffective assistance of counsel. *Gentile v. State*, 637 S.W.2d 30, 32 (Mo.App.1982).

▉ In his second point movant contends trial counsel was ineffective in eliciting information on cross-examination from Deputy Mike Parsons that Frank Ferguson and Lonnie Duncan had described movant and stated that they had seen him in the marijuana fields and for failing to call those two as witnesses to rebut that testimony.

The hearing court found that Frank Ferguson and Lonnie Duncan were two of four males caught stealing marijuana and that they provided information to law enforcement officers on exactly where the plants were located, that Lonnie Duncan could have testified that they were stealing marijuana, but that he did not know who owned the farm and did not know who Jim Fullerton was, and that Frank Ferguson did not know Jim Fullerton by name. Ferguson had given a description to the police that fit Jim Fullerton. The judge found that Ferguson's testimony at the hearing that he had never described Mr. Fullerton was not credible.

The court also found that Mr. Purdy had talked with Frank Ferguson several times on the phone and had taken a recorded statement on November 10, 1982. Mr. Purdy testified that Frank Ferguson had told him that he would testify to anything for a price. The court found Ferguson's testimony that Mr. Purdy offered him money to stay away from the trial not credible. At the time of trial neither the state nor Mr. Purdy could locate Frank Ferguson.

Mr. Purdy interviewed Lonnie Duncan in the state penitentiary and determined that he also could be bought. Mr. Purdy decided that neither would aid movant's defense.

The selection of witnesses is a matter of trial strategy and is generally not a basis for finding ineffective assistance of counsel. *Smith v. State*, 684 S.W.2d 520, 523 (Mo.App.1984). Counsel's decision will not be lightly judged to be erroneous. *Thomas v. State*, 710 S.W.2d 30, 32 (Mo.App.1986). The court further found that under the best of circumstances for movant, the most Ferguson and Duncan's testimony could have done would have been to impeach testimony, that it would not have provided a defense for movant, and that counsel made a reasoned choice of trial strategy. The hearing court's ruling is not clearly erroneous.

▉ Movant argues in his last point that trial counsel was ineffective for not adequately preparing him to testify. The

court found that Mr. Purdy and Mr. Fullerton had numerous discussions concerning whether or not Mr. Fullerton would testify. Mr. Fullerton indicated that he would rather not if at all possible. Mr. Purdy made it clear that he would probably need to testify. Mr. Purdy and Mr. Fullerton talked frequently, sometimes two or three times a week, about Mr. Fullerton's testimony. Movant did not refuse to testify. The court found movant's statements that Mr. Purdy never discussed his testimony with him not to be credible. Credibility of the witnesses in a Rule 27.26 hearing is for the court to determine. *Black v. State*, 723 S.W.2d 474, 475 (Mo.App.1986). The hearing court is entitled to disbelieve the testimony of the movant even if no contrary evidence is presented. *White v. State*, 694 S.W.2d 825, 827 (Mo.App.1985). We find the hearing court's ruling not to be clearly erroneous.

In his supplemental brief movant raises two other points. He first argues that items seized from his farm were sold before his trial, that they were not checked for fingerprints and that, therefore, he was denied access to potentially exculpatory evidence. Next he argues that the state was permitted to introduce into evidence a Homelite pump without adducing any evidence to link movant to the pump.

Trial errors are not cognizable in a proceeding for post-conviction relief. *Hill v. State*, 641 S.W.2d 194, 195 (Mo.App. 1982). Failure to raise an issue on direct appeal that could have been raised constitutes a waiver of that issue. *Windle v. State*, 669 S.W.2d 44, 46 (Mo.App.1984). As the hearing court found, had these issues been properly presented, the lack of fingerprints and failure of the prosecutor to link movant to the Homelite pump could only have benefitted movant, not prejudice him.

We add here a special note of appreciation for the excellent findings of fact and conclusions of law by Judge Theodore B. Scott, the hearing judge. The findings and conclusions are organized, clear, detailed and well-documented, reflecting the obvious care taken in preparing them.

For the foregoing reasons, we affirm the judgment.

All concur.