William Wayne MEADE, Appellant,

v.

STATE of Missouri, Respondent.

No. 55568.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 19, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 8, 1989.

Application to Transfer Denied
Dec. 12, 1989.

Ilene A. Goodman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for repondent.

GARY M. GAERTNER, Presiding Judge.

Movant, William Meade, appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. Movant was convicted by a jury of two counts of sodomy for which he was sentenced as a persistent sexual offender to two consecutive thirty (30) year terms of imprisonment. This court affirmed the conviction on direct appeal. *State v. Meade*, 736 S.W.2d 473 (Mo. App., E.D.1987). In his Rule 27.26 motion, movant alleged ineffective assistance of counsel. On appeal, movant argues that the motion court findings and conclusions were clearly erroneous. We affirm.

Initially, we note the standard of review employed in evaluating movant's claim. Our determination is limited to whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); Rule 27.26(j). The motion court's findings and conclusions are clearly erroneous if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.

App., E.D.1986). In order to prove ineffective assistance of counsel, movant must show not only that trial counsel's performance failed to rise to the level of reasonable professional standards, but also that the alleged ineffective assistance affected the trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Bradford v. State*, 735 S.W.2d 118, 120 (Mo.App., E.D.1987).

 Movant's first claim of error is the motion court's finding that his counsel was not ineffective in denying movant the right to be present and be consulted during the exercise of peremptory challenges. Movant testified at his hearing that he was present during the entire voir dire examination but that counsel never discussed with him which prospective venireman he wished to challenge. Movant's defense counsel, however, testified that he had gone over the list of jurors with the movant as well as discussing who he recommended they take and why. "The hearing court is entitled to disbelieve the testimony of the movant even if no contrary evidence is presented." *Fullerton v. State*, 750 S.W.2d 484, 487 (Mo.App., W.D.1988). The motion court found that the movant's counsel had consulted with the appellant on prospective challenges and we hold this finding is not clearly erroneous.

 Next the movant claims that counsel was ineffective in failing to request a mistrial when one of the victims became "hysterical and upset on the witness stand." According to movant's defense counsel, the victim, an eleven year old male with multiple sclerosis and a speech impediment, refused to look at the defendant when asked to make an identification. Movant's counsel objected because he believed an improper identification had been made of the movant. When pressed by the prosecuting attorney to look at the movant, the victim began crying and became hysterical. The court immediately declared a recess. When the victim returned he properly identified the witness without incident.[1]

---

1. Movant's defense counsel stated that he failed to object because he believed he had forced the identification by objecting to the prosecution's attempted continuation of the case without proper identification of the movant by the victim. Counsel stated he did not believe the victim would make the identification.

■ In determining ineffective assistance of counsel, a motion court and this court may proceed directly to the issue of prejudice without first determining whether counsel's conduct was deficient. *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069–70, 80 L.Ed.2d 674 (1984); *Davis v. State*, 748 S.W.2d 698, 700 (Mo. App., E.D.1988). Where it is alleged that counsel was deficient in failing to ask for a mistrial, this prejudice must go beyond a mere error or mistake in trial strategy or judgment and be of such character as to result in a substantial deprivation of the right to a fair trial. *McConnell v. State*, 530 S.W.2d 43, 44 (Mo.App., W.D.1975). This can be demonstrated by showing that, under the circumstances, a mistrial would have been granted by the court had it been requested by counsel. *Newman v. State*, 751 S.W.2d 93, 101 (Mo.App., S.D.1988). The current case does not support such a finding.

In *State v. Johnson*, 672 S.W.2d 160 (Mo. App., E.D.1984) the defendant was charged with capital murder. The first witness of the state was the murder victim's daughter who had been present when the crime was committed. While testifying, the daughter became hysterical. The court immediately called a recess. The court denied a motion for a mistrial by defense counsel and this court affirmed stating: "The drastic remedy of mistrial is best used sparingly. Emotional outbursts have no place in a trial and are to be prevented as far as possible. Nevertheless, neither trial court nor counsel possesses complete control over witnesses. In such situations, the trial court is necessarily invested with broad discretion in minimizing or eliminating the prejudicial impact of a hysterical witness." *State v. Johnson*, 672 S.W.2d at 163.

The present case is very similar to *Johnson*. In both cases, the State's witnesses became hysterical and a recess was called immediately by the court. After the re-

cess, both witnesses testified without incident. Also, in both cases, there was no assurance that something similar or worse would not happen at retrial. This point is denied.

■ The movant finally claims the common charge that counsel was ineffective in that he failed to call certain witnesses.[2] In its findings of fact, the trial court stated in reference to this charge that "[i]t is charitable to characterize these charges as unsubstantiated and to say that the proof of this aspect of the case was lacking. The time differential actually disproves the possibility of an alibi defense." We do not find that this finding was clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); Rule 27.26(j).

We affirm.

REINHARD and CRIST, JJ., concur.

**2.** At the evidentiary hearing one alibi witness testified that she borrowed the truck the defendant had been allegedly driving during the commission of the crime "somewhere around August 20 and August 22." Another witness testified that movant gave her his car keys to give to movant's nephew "in the summertime" or possibly the springtime. Finally, another witness would have testified that the movant's time cards indicated he was working until 4:30 in the afternoon. Counsel did not call this witness since the sodomy occurred "like a block and a half from where the work was and was merely a matter of two minutes, three minutes walking there and if this supposedly took place after or at or near 5:00 that is not an alibi".