**Danny Glenn THOMAS,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16271.**

Missouri Court of Appeals,
Southern District.
Division One.

Feb. 26, 1990.

Motion for Rehearing or to Transfer
to Supreme Court Denied
March 9, 1990.

Application to Transfer Denied
April 17, 1990.

David S. Durbin, Asst. Public Defender, Kansas City, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

In 1978, Danny Glenn Thomas was jury-convicted of the crime of capital murder, during the commission of which the victim was shot with a shotgun and two pistols, soaked with gasoline, and set on fire. Thomas received a sentence of life imprisonment with no possibility of parole for 50 years as punishment for the crime. The conviction was affirmed on direct appeal. *State v. Thomas*, 595 S.W.2d 325 (Mo.App.1980).

Following incarceration, Thomas filed a motion to vacate his conviction and sentence, pursuant to Rule 27.26,[1] now repealed. In the motion he alleged, among other things, ineffective assistance of trial counsel by failure to call certain witnesses

1. All references to rules are to Missouri Rules of    Court, V.A.M.R.

whose testimony would have aided Thomas, and other allegations of deficient performance by the attorney. After evidentiary hearing, the motion was denied, and the denial was affirmed on appeal. *Thomas v. State,* 710 S.W.2d 30 (Mo.App.1986).

In 1988, Thomas filed a second motion to vacate his conviction and sentence, this time pursuant to Rule 29.15, which rule, together with Rule 24.035, is the successor rule to Rule 27.26 relative to post-conviction procedures. This motion repeated some of the allegations of the first motion to vacate, and added five allegations of ineffective assistance of trial counsel, such as failing to submit proper converse instructions, failure to effectively cross-examine State's witnesses, and like allegations. The State filed a motion to dismiss Thomas' motion to vacate for the reason that he had filed a prior motion to vacate pursuant to Rule 27.26, and there were no grounds for relief alleged in the second motion which could not have been raised in the first one and, therefore, Thomas was not entitled to relief.

The motion court, after hearing arguments from the attorneys, made the following findings of fact:

(1) Thomas did in fact file and have heard by the Circuit Court of Jasper County, Missouri, on February 5, 1985, a motion under Rule 27.26. His allegations in paragraph 8(a) through 8(f) concerning ineffective assistance of counsel were raised, or could have been raised, in his prior 27.26 motion and were overruled and denied. All issues raised in Thomas' allegations in paragraph 8(g) and 8(h) were resolved in the prior 27.26 motion and in the appeal of the original conviction, *State v. Thomas,* 595 S.W.2d 325 (Mo.App.1980), or could have been raised in the prior 27.26 motion.

(2) Thomas' sentence was not pronounced on or after January 1, 1988, and he had filed a prior motion pursuant to Rule 27.26, and that motion is not now pending.

(3) In his prior 27.26 motion, Thomas verified that the motion was correct and that he had recited all claims known to him for vacating, setting aside, or correcting his conviction and sentence.

The motion court then concluded that:

(1) The court may take judicial notice of its own files and records in proceedings on a motion for post-conviction relief, and this court has considered the trial court file, the appellate review of said case, and the prior 27.26 motion.

(2) Thomas has no standing to proceed under Rule 29.15. Supreme Court Rule 29.15(m).

The motion court then entered its order sustaining the State's motion to dismiss. This appeal followed.

Our review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j). Thomas did not present anything by way of suggestions to the motion court, or in his appellate brief filed here, that gives any explanation whatsoever as to why he could not have raised the matters alleged in the second motion in the first one. The purpose of post-conviction relief procedures is to bring a finality, at some point in time, to criminal prosecution and conviction. For that reason, Rule 29.-15(k), as did its predecessor, Rule 27.26(d), prohibits successive post-conviction relief motions. In addition, our Supreme Court made it perfectly clear when it enacted Rule 29.15(m) that if sentence had been pronounced prior to January 1, 1988, as was the case here, a motion to vacate could be filed at any time prior to or on June 30, 1988, but only if no prior motion to vacate had been filed pursuant to Rule 27.26.

Here, Thomas had filed a prior motion, so he was not entitled to file a successor motion under Rule 29.15. *Burroughs v. State,* 774 S.W.2d 559 (Mo.App.1989).

The motion court's findings and conclusions supporting its order of dismissal are not clearly erroneous. The order of dismissal is affirmed.

CROW, P.J., and PARRISH, J., concur.