**Michael D. MURPHY,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16906.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 12, 1990.

J. Gregory Mermelstein, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

On March 7, 1979, Michael D. Murphy (movant) was sentenced to imprisonment for life upon a verdict finding him guilty of murder in the second degree. A motion court, without an evidentiary hearing, denied his motion under Rule 27.26 attacking that sentence. On appeal, this court affirmed that denial regarding all allegations of the motion except the allegation the state suppressed evidence of statements of a witness exonerating movant. The cause was remanded for a hearing on that issue. From the record it may be assumed that a hearing was held, the motion was denied in toto and no appeal was taken. On June 22, 1988, movant filed a pro se motion for relief under Rule 29.15 which was amended and denied after an evidentiary hearing. At the outset, the state urges affirmance for the reason the motion under Rule 29.15 was barred by the terms of that rule. The position of the state is sound.

■ Rule 27.26 was repealed effective January 1, 1988 (Mo.Rules of Court, 1990, p. 144) upon the adoption of Rule 24.035 and Rule 29.15. In general, a motion for postconviction relief under the latter rules is available in "all proceedings wherein sen-

tence is pronounced on or after January 1, 1988." Rule 24.035(*l*) and Rule 29.15(m). "If sentence is pronounced prior to January 1, 1988, *and no prior motion has been filed pursuant to Rule 27.26*, a motion under this Rule 29.15 may be filed on or before June 30, 1988." Rule 29.15(m). (Emphasis added.) By clear implication, if sentence was pronounced before January 1, 1988, and a motion under Rule 27.26 had been filed, a motion under Rule 29.15 is not authorized and is prohibited.

 Even so, the movant urges this court to consider his points on appeal because the state participated without objection in the hearing in the motion court. The mandatory nature of the time limitations in Rule 24.035 and Rule 29.15 is unequivocally established. *Day v. State*, 770 S.W.2d 692, 695 (Mo.banc 1989), *cert. denied*, ── U.S. ──, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Also see *Griffin v. State*, 794 S.W.2d 659 (Mo. banc 1990); *Kilgore v. State*, 791 S.W.2d 393 (Mo. banc 1990); *Sloan v. State*, 779 S.W.2d 580 (Mo. banc 1989); *White v. State*, 779 S.W.2d 571 (Mo. banc 1989). Those limitations are applied even though an evidentiary hearing has been held.

"Although the trial court heard the motion on its merits and denied it, its correct course would have been to enter an order of dismissal. Pursuant to Rule 84.14, this court hereby sets aside the order of the trial court and, in lieu thereof, enters the following order: 'This proceeding is dismissed for the reason that it was not filed within the time limit prescribed by Rule 29.15(m), V.A.M.R.'" *Reynolds v. State*, 783 S.W.2d 500 (Mo. App.1990).

The prohibition against filing a motion under Rule 29.15 when sentence was pronounced before January 1, 1988, and a motion under Rule 27.26 has been filed and denied is equally mandatory.

"In addition, our Supreme Court made it perfectly clear when it enacted Rule 29.-15(m) that if sentence had been pronounced prior to January 1, 1988, as was the case here, a motion to vacate could be filed at any time prior to or on June 30, 1988, but only if no prior motion to vacate had been filed pursuant to Rule 27.26.

Here, Thomas had filed a prior motion, so he was not entitled to file a successor motion under Rule 29.15. *Burroughs v. State*, 774 S.W.2d 559 (Mo.App.1989)." *Thomas v. State*, 785 S.W.2d 778, 779 (Mo.App.1990).

Pursuant to Rule 84.14, this court hereby sets aside the order of the trial court denying the motion and, in lieu thereof, enters the following order: This proceeding is dismissed for the reason that movant filed a prior motion under former Rule 27.26 and a successive motion under Rule 29.15 is prohibited.

As so amended, the judgment is affirmed.

PREWITT and CROW, JJ., concur.