Connie Lynn FLOWERS,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 17030.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 26, 1991.

Connie Lynn Flowers, Jefferson City, pro se.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM:

Movant Connie Lynn Flowers on April 10, 1990, filed a motion for postconviction relief invoking Rule 27.26 (now repealed). The motion presents the following background. She was convicted of having committed murder in the first degree by killing James Bundy in February of 1977. Section 559.005 RSMo Supp.1975 (repealed). She was sentenced to life imprisonment without parole for fifty years. Her conviction was

affirmed on appeal. *State v. Flowers,* 592 S.W.2d 167 (Mo. banc 1979). On November 1, 1982, movant filed her initial motion for postconviction relief. The motion was denied following an evidentiary hearing. That denial was affirmed on appeal. *Flowers v. State,* 776 S.W.2d 444 (Mo.App.1989).

The principal thrust of Flowers' present motion is that "the statutes which she was convicted under were unconstitutionally vague". A detailed recital of the allegations is not necessary. Nor is an enumeration of all the reasons postconviction motions are properly denied without an evidentiary hearing. The learned trial court made an incisive and succinct finding.

"On April 10th, 1990, the Movant filed the current new motion. The motion contains no issues which were not disposed of by the earlier Rule 27.26 Motion, or could not have been presented with that motion. The Rule 27.26 Motion was repealed February 11th, 1987, to become effective on January 1st, 1988. Rule 29.15 was adopted February 11th, 1987 to become effective January 1st, 1988 and therefore the current motion, whether it be called a Rule 27.26 Motion or a Rule 29.15 Motion has been untimely filed and this Court has no jurisdiction to hear said motion."

The trial court correctly declared and applied the law. See *White v. State,* 779 S.W.2d 571 (Mo. banc 1989); *Day v. State,* 770 S.W.2d 692 (Mo. banc 1989); *Thomas v. State,* 785 S.W.2d 778 (Mo.App.1990). The judgment of the trial court is affirmed.

All concur.