_____

No. 95-2629
_____

William W. Meade,                          *
                                           *
          Appellant,                       *
                                           *   Appeal from the United States
     v.                                    *   District Court for the
                                           *   Eastern District of Missouri.
Michael Groose; Jereiah W.                 *
Nixon,                                     *        [UNPUBLISHED]
                                           *
          Appellees.                       *


_____

                 Submitted:  May 31, 1996

                   Filed:  June 6, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

     William Meade appeals the district court's[1] denial of his 28 U.S.C.
§ 2254 petition.  We affirm.

     Meade was found guilty of two counts of sodomy in 1986, and sentenced
to consecutive thirty-year terms of imprisonment.  The state courts upheld
his conviction on direct appeal, and denied his motion for post-conviction
relief.  See State v. Meade, 736 S.W.2d 473, 474 (Mo. Ct. App. 1987); Meade
v. State (Meade II), 779 S.W.2d 659, 660-61 (Mo. Ct. App. 1989).

     Meade subsequently filed original and amended section 2254 petitions
in the district court, raising nineteen grounds for

_____

     [1]The Honorable George F. Gunn, Jr., United States District
Judge for the Eastern District of Missouri, adopting the report and
recommendation of the Honorable David D. Noce, United States
Magistrate Judge for the Eastern District of Missouri.

relief.  The district court denied Meade's petition.  The court concluded that Meade had procedurally defaulted sixteen of his claims, and with respect to the three claims that were preserved for review, the court rejected each claim on its merits.

On appeal, Meade argues that thirteen of his claims were not procedurally defaulted, because he had presented them to the Missouri courts in a Missouri Supreme Court Rule 91 petition.  A Rule 91 petition does not resurrect a procedurally defaulted federal claim unless a petitioner can show that the state court, in denying his Rule 91 petition, addressed the merits of his federal claim.  Anderson v. White, 32 F.3d 320, 321 n.2 (8th Cir. 1994).  Because Meade has not made such a showing, these claims were procedurally defaulted.  See Byrd v. Delo, 942 F.2d 1226, 1232 (8th Cir. 1991) ("no reason" to construe unexplained denial of Rule 91 motion as opening merits of previously defaulted issue).

The remaining three claims the district court determined were procedurally defaulted were presented to the state court in Meade's motion for post-conviction relief, but their denial was not appealed.  Meade argues that his appointed counsel's abandonment of these three claims on appeal from the denial of his motion constitutes cause excusing his procedural default.  We reject Meade's argument, because the ineffectiveness of post-conviction counsel is not a basis for showing cause.  See Coleman v. Thompson, 501 U.S. 722, 752-54 (1991).  Furthermore, we reject Meade's argument that he meets the standard for actual innocence, because he presented no new evidence of his innocence.  See Schlup v. Delo, 115 S. Ct. 851, 861 (1995).

As to Meade's claim that counsel was ineffective because Meade was not present or consulted during the exercise of peremptory strikes, our review of the state court records convinces us that they support the Missouri courts' finding that Meade was consulted on prospective peremptory challenges.  See 28 U.S.C. § 2254(d)

(1994) (state court findings of fact presumed correct unless record of state court proceeding shows factual determination not fairly supported); Meade II, 779 S.W.2d at 660.

Finally, with respect to Meade's claims that counsel was ineffective for failing to present an alibi defense, and for failing to request a mistrial when one of the victims broke down crying on the stand, we have carefully reviewed the state court records, and conclude that Meade's claims are without merit. See Lockhart v. Fretwell, 506 U.S. 364, 372 (1993); Strickland v. Washington, 466 U.S. 668, 694 (1984).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.