STATE of Missouri, Respondent,

v.

Richard BECK, Appellant.

No. 61088.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 16, 1993.

Alan G. Kimbrell, St. Louis, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Jefferson City, for respondent.

CARL R. GAERTNER, Presiding Judge.

Defendant appeals from his conviction for possession of more than 35 grams of marijuana in violation of § 195.020 RSMo. 1986. The trial court sentenced defendant as a prior and persistent offender to imprisonment for 10 years. We reverse.

This is defendant's third successful appeal in a case that began in January, 1985.

Defendant's first trial resulted in a conviction which was overturned on grounds of prosecutorial misconduct. *State v. Beck,* 745 S.W.2d 205 (Mo.App.1987). Defendant's second trial resulted in a hung jury. Defendant's third trial resulted in a conviction which was overturned again on grounds of prosecutorial misconduct. *State v. Beck,* 785 S.W.2d 714 (Mo.App. 1990). Defendant's fourth trial resulted in the conviction from which he takes this appeal.

Defendant does not challenge the sufficiency of the evidence. On January 13, 1985, two St. Louis police officers observed defendant drive his vehicle over the curb and onto the sidewalk in front of a home. A woman, Frances Klocke, left the home and entered defendant's car. The officers stopped defendant's car in the parking lot of a convenience store a few blocks away. Officer Dan Mesey approached the driver's side of the vehicle while his partner Craig Longworth approached the passenger side. Officer Mesey had defendant step out of the vehicle so that he could write him a traffic ticket. When defendant left the vehicle, Officer Mesey noticed two plastic bags which he believed contained marijuana on the floor near the driver's seat. Officer Mesey then looked into the back seat and noticed an open brown briefcase with several bags containing marijuana. Officer Mesey placed defendant under arrest and, during a search of his person, found a small wooden box which contained marijuana and a small brass pipe.

Defendant did not take the stand but presented witnesses who testified that the officers planted the briefcase of marijuana in his car.

Defendant alleges the trial court erred in failing to instruct the jury on the lesser charge of possession of under 35 grams of marijuana because there was evidence which would support defendant's conviction for such an offense. The trial court rejected defendant's offer of a lesser included instruction on possession of under 35 grams of marijuana. Under § 556.046.2 RSMo.1986, the trial court is obligated to charge the jury with respect to an included

offense when there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense. *State v. Six,* 805 S.W.2d 159, 164 (Mo. banc), *cert. denied,* — U.S. —, 112 S.Ct. 206, 116 L.Ed.2d 165 (1991). Failure to give a proper instruction is error, the prejudicial effect of which, if any, is to be judicially determined. Rule 28.02(f). We consider the facts and instructions together to determine prejudice. *State v. Feltrop,* 803 S.W.2d 1, 8 (Mo. banc), *cert. denied,* — U.S. —, 111 S.Ct. 2918, 115 L.Ed.2d 1081 (1991).

The evidence adduced at trial justified defendant's request for the instruction on the lesser offense. The State's evidence showed that police found marijuana in three separate places: in a box on defendant's person, in bags on the floor of the car, and in a briefcase in the back of defendant's car. The marijuana found in the box on defendant's person weighed 2.36 grams. The bags of marijuana found on the floor of defendant's car weighed 10.87 grams. The marijuana contained in the briefcase weighed a total of 108.64 grams. The passenger in defendant's automobile, Frances Klocke, testified that there was no briefcase and no marijuana in defendant's car on the day of his arrest. A witness who was in the convenience store testified that she saw a police officer take the briefcase from a police car to defendant's car and back.

■ The marijuana in the box on defendant's person combined with the bags of marijuana on the floor of the car weighed under 35 grams. The evidence presented left open the possibility that defendant possessed under 35 grams of marijuana. "A trial court should resolve all doubts upon the evidence in favor of instructing on the lower degree of the crime, leaving it to the jury to decide which of the two or more grades of an offense, if any, the defendant is guilty." *State v. Pruett,* 805 S.W.2d 724, 726 (Mo.App.1991). Questions of the credibility of witnesses and the effects of conflicts or inconsistencies in the testimony of any witness are questions for the jury. *State v. Nelson,* 818 S.W.2d 285, 288 (Mo. App.1991). Defendant was prejudiced because the jury only had the option of ac-

quitting defendant or convicting him of possessing over 35 grams of marijuana when there was a distinct possibility that the jury may have believed defendant possessed a smaller amount of marijuana.

The trial court erred in failing to instruct down on possession of marijuana. This error requires reversal and another trial for defendant.

Two of defendant's other points relate to errors occurring at trial and may not recur. We decline to address the merits of these points.

In his final point, defendant argues that the trial court erred in overruling his motion to dismiss on grounds that this fourth trial violated the due process, speedy trial, and double jeopardy provisions of the United States and Missouri Constitutions. Defendant incorporated his motion to dismiss by reference in his motion for new trial, but he has failed to include the motion to dismiss in the legal file before this court. Therefore, we are unable to review the trial court's decision on the reasons contained in the motion. However, since defendant alleges constitutional violations, we will review those issues for plain error.

■ Defendant's claim that he was twice placed in jeopardy for the same offense in violation of the Double Jeopardy Clause of the United States and Missouri Constitutions is denied. The Double Jeopardy Clause does not bar re-prosecution of a defendant whose conviction is overturned on appeal. *Lockhart v. Nelson,* 488 U.S. 33, 38, 109 S.Ct. 285, 289, 102 L.Ed.2d 265, 272 (1988); *State v. Wood,* 596 S.W.2d 394, 398 (Mo. banc), *cert. denied,* 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980). Defendant's repeated trials have resulted from his successful appeals and a hung jury. Retrial after a verdict of guilty, to correct trial error including prosecutorial misconduct, does not constitute double jeopardy. *State v. Ivory,* 609 S.W.2d 217, 223 (Mo. App.1980). We do not find evidence of intentional prosecutorial misconduct, of an insufficiency in the indictment, or an insufficiency in the evidence that would preclude a retrial.

■ Defendant's argument that he has been denied due process relates to his claim that he has repeatedly been tried for the same offense. The cases cited by defendant in support of a due process violation are inapplicable. Those cases predate the United States Supreme Court's decision to extend the Double Jeopardy Clause of the Fifth Amendment to the states through the Due Process Clause of the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). We find no denial of defendant's due process rights.

■ Finally, defendant claims his right under the Missouri and United States Constitutions to a speedy trial has been violated. We disagree. Defendant has been unable to cite any cases showing the facts of this case violate that right. However, defendant argues that the delayed retrial caused by prosecutorial misconduct, a trial resulting in a hung jury, and a nolle prosequi violated defendant's right to a speedy trial. While we are cognizant of defendant's position on the length of time since his arrest, we find no basis to find a violation of his right to a speedy trial. In *State v. Howell,* 581 S.W.2d 461, 462 (Mo.App. 1979), defendant was arrested in November of 1972 and went through three trials before finally being convicted in February of 1977. The court concluded that the defendant's right to a speedy trial was not infringed since most of the delays were due to the processing of appeals. 581 S.W.2d at 465. Point denied.

Defendant's conviction is reversed and the cause is remanded for a new trial.

CRANE and CRAHAN, JJ., concur.