STATE of Missouri, Plaintiff–Respondent,

v.

Reginald GRIFFIN, Defendant–Appellant.

No. 63380.

Missouri Court of Appeals, Eastern District, Division One.

May 24, 1994.

---

S. Paige Canfield, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Reginald Griffin, appeals from the judgment of his convictions, after a jury trial, of two counts of murder in the second degree, one count of robbery, one count of tampering, and three counts of armed criminal action. He was sentenced, as a prior offender, to seven years' imprisonment for tampering and to six terms of life imprisonment for the other counts, the sentences to run consecutively. We affirm.

Defendant does not challenge the sufficiency of the evidence. The evidence, viewed in the light most favorable to the verdict, established that on January 15, 1992, at about one o'clock in the afternoon, defendant went to the home of his next door neighbors, an elderly couple named John and Willie May Coleman (victims). He went for the purpose of collecting money that the victims' daughter owed him for drugs. Once inside the victims' home, he stabbed each of them several times.

At approximately one o'clock in the afternoon that same day, the victims' fifteen year old granddaughter, J.M., was returning to the victims' home after she finished school for the day. Riding in the school bus, she saw a person, wearing a brown coat, standing between the security door and the door to the victims' house. As she was walking to the victims' house from the bus stop, she saw defendant driving the victims' automobile away from their house. He was wearing a brown coat. J.M. unlocked the door to gain entry into the victims' house. She discovered her grandfather's body on the living room floor, propped up against a chair; she found her grandmother's body lying on the bedroom floor next to the bed. Paramedics pronounced both victims dead at the scene.

When the police arrived at the victims' home, they found a wooden baseball bat near the stairway and a knife on a television set in the living room. One of the upstairs bedrooms had been ransacked and a padlock on a bedroom closet had been pried open. Telephones were off the hooks. Items taken from the house included a television set, some pistols, and some cash hidden in old checkbook boxes. The victims' automobile was missing. The automobile was later found abandoned about one mile from the victims' home, with the keys inside.

When the police initially interviewed J.M. about the incident, she did not identify defendant as the person driving the victims' automobile. She stated that she didn't identify him, because she was afraid of him because he was in a gang. She also was worried about the safety of her mother, who purchased drugs from defendant. Although J.M. did not have a relationship with defendant at the time of the incident, defendant was the father of her child born October 1991.

The police questioned defendant about the incident. On January 30, defendant made three different video-taped confessions. In each confession, he provided more details about the crimes and implicated himself further. He also implicated a friend, Vincent Thomas. Thomas testified at trial and denied any involvement in the crimes.

■ In his first point on appeal, defendant asserts that the trial court erred in admitting evidence of his connection with drugs and gangs. In the argument portion of his brief, defendant adds that the court also erred in admitting evidence that he fathered a child out of wedlock.

Defense counsel originally put these very facts before the jury during voir dire. He asked the following questions of the members of the venire panel:

[Defense Counsel]: Now [the prosecutor] may introduce some evidence about the

involvement of the Defendant in drugs. Now would that make a difference to you?

\* \* \* \* \* \*

[Defense Counsel]: Now it's my understanding that the State is going to introduce or may introduce some evidence which alleges that [defendant] was involved with a gang.

Now how many of you, if any, would believe that just because evidence was introduced that he may have been a member of a gang would influence you one way or the other in determining whether or not he was guilty or innocent?

Now we've had a lot of material in the press about gangs.

\* \* \* \* \* \*

[Defense Counsel]: One of the witnesses has a child and this child was born out of wedlock.

And there may be evidence introduced that [defendant] was the father of that child. Now would that fact bias you one way or the other in weighing the evidence in this case?

For instance, would you think that just because he's the father of this child and hasn't married this person that you would be biased against [defendant]?

In addition, in its opening statement, the State mentioned the child, the gang, and certain "business transactions":

[J.M.] will testify that she knows [defendant]. [J.M.] will testify that she has had in the past a relationship with [defendant].

She will tell you that [defendant] and her mother ... had some business transactions.

And through those business transactions [J.M.] was encouraged by her mother ... to get to know [defendant].

She and [defendant] became intimate and a child was born. [J.M.] will tell you that several days before the murder she broke up with [defendant].

[J.M.] will tell you that one of the reasons that she feared to tell the police that [defendant] was the person that she saw drive away from her grandparent's house in her grandparent's car was that she knows [defendant] is in a gang known as the Bloods and that she fears him.

She fears him now and she fears the members of his gang....

Defense counsel did not object to the State's comments.

 Not every error in the admission of evidence calls for the reversal of a conviction; only prejudicial error is reversible error. *State v. Teal,* 624 S.W.2d 122, 125 (Mo.App. 1981). Generally, a party cannot complain about the admission of testimony over his objection, where evidence of the same tenor has been admitted without his objection. *State v. Eiland,* 534 S.W.2d 814, 816–817 (Mo.App.1976). The admission of evidence which is claimed to be evidence of other, unrelated crimes does not result in reversible error if like evidence has previously been admitted and the evidence to which the objection has been raised is thus merely cumulative. *State v. Kalter,* 839 S.W.2d 670, 673 (Mo.App.E.D.1992) (admitting statement defendant made to police that he had killed someone was not prejudicial where defendant's paramour and uncle both testified that he had made same statement to them); *Teal,* 624 S.W.2d at 126 (State's questioning defendant about whether he had a violent temper and whether others thought he had a violent temper was not reversible error, because the questioning added no suggestion of defendant's character other than that already suggested by the testimony of his then wife, who was also the mother of the 19 month old assault victim); *State v. Burnside,* 527 S.W.2d 22, 25 (Mo.App.1975) (testimony by witness that defendant had a prostitute and asked whether the witness wanted to "buy some" was cumulative to rape and kidnapping victim's testimony that defendant asked whether the witness wanted to buy her and was not reversible error).

In the instant action, the defense cannot inform the jury in voir dire that the State will present certain evidence, not object to identical evidence mentioned in the State's opening statement, and then object when the State seeks to elicit the same evidence from a witness at trial. Because evidence of defendant's gang and drug involvement and of his unwed fatherhood was already before the

jury, J.M.'s testimony as to those facts was merely cumulative and was not prejudicial to defendant. The admission of challenged evidence cannot be prejudicial to the complaining party when that party not only initially informs the jury about the same evidence but also does not object to the other party's informing the jury about the same. Defendant's first point is denied.

In his second point, defendant contends that the trial court committed plain error in permitting the prosecutor to argue certain matters in closing argument. In his third point, defendant asserts that the trial court committed plain error in submitting a reasonable doubt instruction patterned on MAI–CR3d 302.04. We have reviewed defendant's allegations of error and find them without merit. No jurisprudential purpose would be served by a written opinion. Points II and III are denied. Rule 30.25(b).

The judgment of convictions is affirmed.

REINHARD and CRIST, JJ., concur.