STATE of Missouri, Respondent,

v.

Antoine SLOAN, Appellant.

No. 74722.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 20, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 17, 1999.

Application for Transfer Denied
Sept. 21, 1999.

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Antoine Sloan ("defendant"), appeals the judgment of conviction entered by the Circuit Court of St. Louis County after a jury found him guilty of the class A felony of second degree drug trafficking, RSMo section 195.223.3(2).[1] The trial court found defendant to be a prior and persistent offender and sentenced him to twelve years imprisonment. We affirm.

On June 8, 1997, defendant was traveling on Lucas and Hunt Road in St. Louis County in a tan, two-door Chevy Caprice. Officer Curtis Ratliff ("Ratliff") of the St. Louis County Police Department stopped the defendant after observing a bluish gray smoke emanating from the vehicle's exhaust. Defendant exited his car and began walking toward the patrol vehicle. Ratliff stepped out of the patrol vehicle and approached defendant as he stood between the two vehicles. Ratliff asked defendant for his driver's license. He then conducted a check of the vehicle's license plate for registration. The check revealed the license plate was registered to a Buick. Ratliff then told defendant to stand in front of his patrol vehicle while he recorded the Caprice's VIN number to run it for theft.

While Ratliff was taking down the VIN number, he observed defendant drop a plastic bag containing a white substance from his waist and kick it under the patrol vehicle with his right foot. The plastic bag landed under the middle of the vehicle, even with the tire. After recording the VIN number, Ratliff asked defendant to return to his vehicle while he ran the number. While defendant was seated in his vehicle, Ratliff called for assistance. Unable to get assistance, Ratliff told defendant he had to handcuff him for safety reasons while he checked the car.

Once defendant was in custody, Ratliff retrieved the plastic bag from under his patrol vehicle. The bag contained what Ratliff believed to be ten individually cut rocks of crack cocaine wrapped separately in small baggies. Patricia Dougherty ("Dougherty"), an employee of the St. Louis County Police Department Crime Lab, testified she performed two different tests on each of the seven clear plastic bags containing an off white substance, which she concluded to be 70.09 grams of cocaine base.

At trial, the state produced Ratliff, Dougherty, and Officer Quinn Turner ("Turner"), a narcotics investigator. After acknowledging he had nothing to do with the arrest of the defendant and without objection, Turner testified at trial regarding the value and packaging of the drugs seized from the defendant. Turner testified in the year preceding trial, he had made approximately one hundred buys of crack or cocaine based material. He testified when he has purchased crack cocaine, it has come "in little-bitty bags or got one big chunk." He stated some people deal from rocks like the ones found by Ratliff, and the street value for the seized amount would be approximately $2,500. The defense presented no evidence.

In closing arguments, the prosecutor highlighted Turner's testimony to emphasize the "major, major amount of drugs" in defendant's possession. Further, he stated:

"What happened is just a bad day for the defendant. But it is actually good for St. Louis County, because this didn't end up at a crack house being sold to those people. One shipment was stopped... And this is seventy grams of crack that won't hit the streets... And you have got to send a message out there stating that a St. Louis County juror is not going to tolerate this kind of movement of drugs."

Defendant's only point on appeal alleges the trial court plainly erred in not sua sponte declaring a mistrial when the state elicited evidence of the street value and packaging of the drugs defendant pos-

---

1. All statutory references are to RSMo 1994.

sessed, and argued in closing that had defendant not been arrested, these drugs would have made their way to the streets, depriving defendant of a fair trial by allowing prejudicial evidence of uncharged crimes or bad acts into evidence, resulting in a manifest injustice. Defendant contends the testimony of Turner and the state's closing statements were irrelevant to the charged offense. He argues these statements were blatant evidence of other crimes that could only have lead to the conclusion he was involved in the sale and distribution of crack cocaine, not the mere possession for which he was charged. We disagree.

■ Since the defendant failed to preserve his claim for appeal through proper objection, our review is limited to plain error pursuant to Supreme Court Rule 30.20. Unless a claim of plain error establishes the alleged error has produced a manifest injustice, an appellate court will decline to exercise its discretion to review for plain error. *State v. Chaney*, 967 S.W.2d 47, 59 (Mo.banc 1998).

Defendant was charged with second degree drug trafficking, RSMo section 195.223.3(2). RSMo section 195.223.3(2) provides in pertinent part:

A person commits the crime of trafficking drugs in the second degree, if ... he possesses or has under his control ... more than two grams of a mixture or substance ... which contains a cocaine base. Violations of this subsection shall be punished as follows: ... (2) If the quantity involved is six grams or more the person shall be guilty of a class A felony.

■ In order for the state to prove the charged offense, they must show the defendant knowingly and intentionally possessed the proscribed substance, and was aware of the presence and nature of the substance. *See, State v. Carson*, 941 S.W.2d 518, 520–23 (Mo.banc 1997).

■ It is well settled an accused may only be tried for the charged offense, and

any evidence of separate offenses or bad acts is improper. *State v. Cole*, 887 S.W.2d 712, 714 (Mo.App. E.D.1994). Defendant relies on *State v. Beck*, 745 S.W.2d 205 (Mo.App. E.D.1987) (reversed in part on another issue), for his proposition the testimony of Turner and the prosecutor's closing argument were prejudicial evidence of other crimes. In *Beck*, the defendant was charged with the possession of more than 35 grams of marijuana found packaged in a briefcase. *Id.* at 206. In addition to the testimony of defendant and his passenger, the defense presented two unbiased witnesses to support his theory of "planting of the contraband." *Id.* at 209. Over an objection and request for mistrial, an officer testified that based on his experience, marijuana packaged in this manner is commonly packaged for the purpose of sale. *Id.* at 208. The appellate court said that this was a blatant "improper inference that defendant was guilty of an uncharged crime" resulting in prejudice to the defendant. *Id.* at 208–209. The court concluded the evidence was not so *overwhelming* as to render harmless the inference the defendant was a seller and not a mere possessor. *Id.* at 209.

■ *Beck* may be distinguished by the mere fact the defense objected to the "improper inference", thus reserving the matter for appeal and lowering the standard of review. Even if this court were to apply the reasoning set forth in *Beck* to our fact situation disregarding the lower standard of review, Turner's testimony, though improper, would be harmless error. "Generally, a party cannot complain about the admission of testimony over his objection, where evidence of the same tenor is admitted without objection." *State v. Griffin*, 876 S.W.2d 43, 45 (Mo.App. E.D.1994) (citation omitted). In the case at bar, the arresting officer, Ratliff, testified without objection, the bag he found under the car contained 70.09 grams of crack cocaine, approximately ten "rocks ... individually wrapped in the small baggies and placed in a large sandwich bag." It is reasonable to

infer from this testimony alone defendant was more than a mere possessor. Since we give the trial court the benefit of any reasonable inferences, *see, e.g., State v. Williams,* 861 S.W.2d 670, 674 (Mo.App. E.D.1993), the testimony of Turner and any resulting prejudice thereof, was merely cumulative and therefore harmless.

██ Also in *Beck,* the court did not consider the evidence of the defendant's guilt overwhelming, because there was testimony of two unbiased witnesses supporting the defendant's argument the drugs were planted. *Beck,* 745 S.W.2d at 209. However, "[w]here defendant's guilt is established by overwhelming evidence, no injustice or miscarriage of justice results from refusal to invoke the plain error rule." *State v. Isaiah,* 874 S.W.2d 429, 442 (Mo. App. W.D.1994) (citing *State v. Salkil,* 837 S.W.2d 367, 370 (Mo.App. S.D.1992)). In the case at bar, the state elicited uncontradicted evidence from the arresting officer, Ratliff, who witnessed defendant discard the package containing what he believed to be ten individually wrapped rocks of crack cocaine. The criminal lab technician, Dougherty, testified she performed two different tests on the substance contained in each of the seven clear plastic bags containing an off white substance, which she concluded to be 70.09 grams of cocaine base. Defendant presented no evidence.

██ Regarding the state's closing statements, "[p]lain error will seldom be found in unobjected to closing arguments." *State v. Radley,* 904 S.W.2d 520, 524 (Mo. App. W.D.1995). Defendant must establish the improper argument had a decisive effect on the jury by showing, "in absence of these comments, the verdict would have been different." *State v. Roberts,* 838 S.W.2d 126, 132 (Mo.App. E.D.1992). Given the unobjected to testimony of Ratliff and reasonable inferences thereof, we do not believe the defendant has established the verdict would have been different absent the closing argument.

██ For the reasons set forth above, and since a declaration of a mistrial sua sponte is a drastic remedy that should be used in only exceptional circumstances, *State v. Young,* 701 S.W.2d 429, 434 (Mo. banc 1985), we do not believe the claim of error establishes a manifest injustice or an exceptional circumstance. Defendant's point is therefore denied.

Based on the foregoing, the judgment of the trial court is affirmed.

HOFF, P.J., and RHODES RUSSELL, J., concur.