**STATE of Missouri, Respondent,**

v.

**Fidel STEWART, Appellant.**

**No. ED 76489.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 25, 2000.

Thomas C. Antoniou, Antoniou, Goff-stein & Antoniou, L.L.C., Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Fidel Stewart, ("defendant"), appeals the judgment of the Circuit Court of the City of St. Louis after a jury found

him guilty of trafficking in the second degree, section 195.223, RSMo 1994,[1] by possessing more than two grams of a mixture or substance containing a cocaine base. The trial court sentenced defendant as a prior and persistent offender, section 558.016, and a prior drug offender, section 195.295, to a term of eighteen years in prison. We reverse and remand.

The evidence, in the light most favorable to the verdict, is that on August 5, 1998, at approximately 8:45 p.m., four plain clothes St. Louis Police Department detectives were travelling southbound in an unmarked car on routine patrol. The detectives saw defendant exit the driver's door of a purple 1996 Mercury Sable parked by the curb at 1424 Hodiamont Avenue, in St. Louis. Defendant left his driver's door open as he walked to the rear of his car and then approached an unidentified male standing on the sidewalk at the rear of the car. As the detectives approached in their car, the unidentified male fled on foot. As the detectives slowed down and pulled parallel to the rear of defendant's car, they observed defendant look over his shoulder in their direction, then release a black pouch from his right hand and walk north on the sidewalk away from the detectives and his parked car.[2] Detective Blase Peluso pursued the unidentified male on foot, but returned shortly without apprehending the suspect.

Detective Robert Lang, who was the only one of the four detectives to testify at defendant's trial, retrieved the pouch discarded by defendant and found a knotted plastic bag containing one large crystal chunk which subsequently proved to be crack cocaine. Defendant was advised he was under arrest and was read his *Miranda* rights. Defendant then stated,

"That motherf——er set me up, I know he did."

Defendant was searched incident to the arrest and the detectives found a metal pill container in defendant's right front pants' pocket containing what subsequently proved to be crack cocaine. In defendant's left pants' pocket the detectives found four .32 caliber rounds of ammunition. A subsequent search of defendant's car yielded an unloaded .32 caliber five-shot revolver which was wrapped in a towel under the driver's seat. Defendant stated he had just bought the gun around the corner for fifty dollars.

Defendant was transported to the police station and interviewed. Subsequent laboratory tests established there was 3.45 grams of a substance containing cocaine base in the pouch and 1.43 grams of a substance containing cocaine base in the metal pill container.[3]

At trial, defendant called two witnesses whose testimony conflicted with the testimony of the state's witness, Detective Lang. Larry Wilkins, who resides in the neighborhood where defendant's arrest took place, witnessed defendant's arrest. Wilkins, who is a retired postal worker, testified he did not know defendant, but had seen him around the neighborhood. On the evening of August 5, Wilkins was headed home, travelling southbound on Hodiamont Avenue. Wilkins passed defendant's car and was turning the corner on Ridge when he observed a "white car come out right behind me and pulled right in front of [defendant's] car and cut [defendant] off in front." Wilkins testified after the white car blocked defendant's car, two detectives in the front seat exited the car, one went to the driver's side and the other went to the passenger side of defendant's car. Wilkins testified he never saw a flee-

---

1. All statutory references are to RSMo 1994.

2. Defendant walked away from his car even though his driver's door was open and his lights were on.

3. The samples were retested over ten months later and contained 3.04 grams and 1.34 grams respectfully. An expert witness testified that he believed the difference in the weights were due to the drying out process over the ten months and to the portion of the sample removed for testing.

ing individual. After parking across the street, Wilkins observed the other two detectives exit the white car and one went to the driver's side and the other went to the passenger side of defendant's car. Wilkins testified that defendant did not exit the car for five to ten minutes, until detectives opened the door, took defendant to the rear of the car, put his hands on the trunk and spread his feet. At this point, Wilkins could no longer see because of his vantage point, but he testified he later saw a detective handcuff defendant and put him in the white unmarked car. Wilkins testified he did not see the detectives pick up anything off the ground.

Ervin Miller, the other witness called by defendant, testified he knew defendant for twenty years. Miller's testimony was substantially the same as the testimony given by Wilkins. Particularly, that defendant's car was blocked off by the detectives, that defendant never exited the car until removed by police, and Miller never witnessed defendant drop any package or pouch to the ground.

Defendant requested the jury be instructed on the lesser included offense of possession of controlled substance. The trial court refused defendant's proffered instruction. Subsequently, defendant was found guilty of trafficking in the second degree. Defendant appeals.

Defendant raises two points on appeal. In his first point, defendant alleges the trial court erred when it refused to submit defendant's proposed instruction for the lesser included offense of possession of a controlled substance. Defendant argues there was evidence which would support a conviction of possession, a Class C felony, and acquittal of trafficking in the second degree, a Class B felony. We agree.

 Trial courts are obligated to instruct on the lesser included offenses if there is a basis for the jury to: 1) acquit defendant of the offense charged; and 2) convict defendant of the lesser included offense. *State v. Hibler*, 5 S.W.3d 147, 148

(Mo.banc 1999). "If in doubt, the trial judge should instruct on the lesser included offense." *Id.* Under the facts of the case at bar, the state does not dispute that possession of a controlled substance is a lesser included offense of trafficking in the second degree.

 A trial court should resolve all doubts regarding the evidence in favor of instructing on the lower degree of crime, leaving it to the jury to decide which of the grades of an offense a defendant is guilty. *State v. Beck*, 849 S.W.2d 668, 670 (Mo. App. E.D.1993). "Questions of the credibility of witnesses and the effects of conflicts or inconsistencies in the testimony of any witness are questions for the jury." *Id.* When defendant presents affirmative probative evidence which makes it a distinct possibility that the jury could believe or reasonably infer that defendant possessed less contraband than the amount charged, the court should instruct the jury on the lesser included offense. *State v. Warrington*, 884 S.W.2d 711, 717 (Mo.App. S.D.1994); *See also State v. Mizanskey*, 901 S.W.2d 95, 99 (Mo.App. W.D.1995); *Beck*, 849 S.W.2d at 670.

In *Beck*, the defendant's conviction of possession of more than thirty-five grams of marijuana was reversed by this court because the trial court erred in failing to instruct on the lesser charge of possession of under thirty five grams of marijuana. *Beck*, 849 S.W.2d at 670. The state's evidence showed that police found marijuana in three separate places: 1) in a box on the defendant's person weighing 2.36 grams; 2) in bags on the floor of the car weighing 10.87 grams; and 3) in a briefcase in the backseat of the car weighing 108.64 grams. *Id.* at 670. The defendant presented two witnesses whose testimony conflicted with the state's evidence. *Id.* at 670. The passenger in the car testified that the briefcase was not in the backseat on the day of the defendant's arrest. *Id.* Another defense witness testified that she saw a police officer take the briefcase from a police car to the defendant's car and back to the

**166**

police car. *Id.* The court held the defendant was prejudiced because the jury had only the option of acquitting or convicting him of possession of over thirty-five grams of marijuana, when there was evidence presented that may have led the jury to believe that the defendant possessed less than thirty-five grams of marijuana. *Id.*

■ The element differentiating trafficking in the second degree, as charged by the state, and possession of a controlled substance, the instruction refused by the trial court, is whether or not the quantity of cocaine base defendant possessed was greater or less than two grams. A review of the entire record demonstrates there was a sufficient amount of evidence presented by the defense to support a conviction of possession and an acquittal of trafficking.

In the case at bar, there were multiple places where controlled substances were found. Also, like *Beck,* the defense witnesses' testimony directly conflicted with the state's witness' testimony. Furthermore, as in *Beck,* the jury in this case had only the option of acquitting or convicting defendant of the charged offense. Finally, like *Beck,* there was a possibility that the jury may have believed that defendant possessed less contraband than what defendant was charged. Both of the defense witnesses, if believed by the jury, make it a possibility that there was never a black pouch thrown onto the ground, because defendant remained in the car for the duration of the contact with the detectives. The evidence presented at trial justified defendant's request for the lesser offense of possession instruction.

Thus, the trial court erred in failing to submit an instruction to the jury for the lesser included offense of possession of a controlled substance. Therefore, we reverse and remand.

In his second point, defendant alleges the trial court prejudicially erred in denying his motion to suppress evidence and statements as testimony adduced at trial,

and the pretrial motion to suppress revealed that defendant had been illegally seized by the detectives without any observation of articulable suspicious facts. We disagree.

■ Despite defendant's pretrial motion to suppress, defendant's counsel needed to object to the testimony at trial. *State v. Cosby,* 976 S.W.2d 464, 467 (Mo. App. E.D.1998). Failure to object at the earliest opportunity to the admission of evidence constitutes a waiver of the claim. *Id.* During the testimony of the state's witnesses, defendant did not object to the admission of any of the evidence mentioned in his pretrial motion to suppress. Therefore, our review is limited to plain error pursuant to Supreme Court Rule 30.20. Unless a claim of plain error establishes the alleged error has produced a manifest injustice, this court will decline to exercise its discretion to review for plain error. *State v. Sloan,* 998 S.W.2d 142, 145 (Mo.App. E.D.1999). Our review of the record reveals no plain error.

Accordingly, we reverse the judgment and remand the case for further proceedings consistent with this opinion.

PAUL J. SIMON, J., and JAMES R. DOWD, J., concur.