**STATE of Missouri, Plaintiff–Respondent,**

v.

**Kenneth HAMPTON, Defendant–Appellant.**

No. 23872.

Missouri Court of Appeals, Southern District, Division One.

June 29, 2001.

Nancy A. McKerrow, Asst. Atty. Gen., Columbia, for Appellant.

Jeredmiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Asst. Atty. Gen., Jefferson City, for Respondent.

SHRUM, Judge.

Kenneth Hampton ("Defendant") appeals from a judgment entered after a jury found him guilty of possession of more than 35 grams of marijuana, § 195.202.[1] The trial judge sentenced Defendant as a

---

1. All statute references are to RSMo (2000)    unless otherwise indicated.

prior and persistent drug offender to a term of life imprisonment. Defendant's single point on appeal charges the trial court committed reversible error when it refused to instruct the jury on possession of less than 35 grams of marijuana per Instruction "A" tendered by Defendant. This court affirms.

## FACTS

The sufficiency of the evidence is not in dispute. In the light most favorable to the verdict, the evidence is that on November 13, 1996, a Wayne County sheriff's deputy ("Burch") helped officers of the ATF (including agent "Diveley") execute a federal warrant to search Defendant's house at Silva, Missouri. When the officers arrived, an individual named Christopher Galamore opened the door and allowed the officers to enter the house. Once inside, Diveley entered the master bedroom and awakened Defendant and his wife. Subsequently, as Burch searched the master bedroom he found a large bag of marijuana seeds and several metal smoking pipes in a wastepaper basket beside the bed. Two of the pipes appeared to contain residue. In another part of the master bedroom, Burch found three small bags of a "green leafy substance" hidden beneath a trash bag that lined a wastepaper basket. Other officers discovered and seized syringes from the master bedroom and a large bag of a "green leafy substance" beneath a step in a bathroom that adjoined the master bedroom. They also recovered a triple beam scale from a "closet ... in either the bathroom or bedroom."[2]

Agent Diveley led Defendant and his wife into the kitchen of their home where he read Defendant his Miranda rights. After indicating he wanted to make a statement, Defendant told Diveley the large bag of marijuana was his, but that he did not want to name the person who gave it to him. Burch testified he heard Defendant tell Diveley "that the marijuana was his."

The evidence seized was ultimately taken to the Southeast Missouri crime laboratory for testing. Analysis of the pipes revealed that one tested positive for marijuana residue. Laboratory analysis also confirmed that the "green leafy substance" in the four bags was marijuana. The total weight of the four bags of marijuana was approximately 137 grams. The larger bag of marijuana weighed approximately 129 grams and the three smaller bags weighed approximately four grams, three grams, and one gram, respectively.

Defendant called Diveley as a defense witness to show what Diveley put in his report regarding Defendant's statement. Specifically, Diveley had recorded Defendant as saying "the marijuana which was found in the house came from a friend of his who he refused to identify."

The jury was instructed on the offenses of possession of more than five grams of marijuana with intent to distribute, the lesser-included felony offense of possession of more than 35 grams of marijuana, and possession of cocaine.[3] Defendant tendered a pattern instruction on misdemeanor possession of marijuana, i.e., less than

---

**2.** Diveley testified that the master bedroom had only one entrance. Swinging, saloon-style doors connected the master bedroom to the adjoining bathroom. Burch testified that the end of the bathroom step had a hole and that another officer pulled the marijuana from beneath the step through that hole.

**3.** The instruction on cocaine was given because the State presented evidence that two of the pipes seized from Defendant's master bedroom tested positive for cocaine.

35 grams, but the court refused to give the instruction.

The jury found Defendant guilty of possession of more than 35 grams of marijuana and not guilty of possession of cocaine. This appeal followed.

## DISCUSSION AND ANALYSIS

Defendant claims the evidence supported a verdict that he possessed less than 35 grams of marijuana § 195.202.3,[4] and therefore an instruction for that lesser-included offense should have been given. *See* § 556.046.2.[5] Defendant advances two reasons for his claim there was evidence to support the "less than 35 gram" instruction. Both arguments revolve around the fact that marijuana was found in two different locations in Defendant's house (three bags with less than 35 grams total in the bedroom where Defendant was sleeping while the larger bag containing over 35 grams was under a step in the bathroom). First, Defendant argues there was a basis for the jury to have believed Defendant possessed only the approximately eight grams found in his bedroom because there were two other persons in the house when the search warrant was executed (Galamore and Defendant's wife); Burch testified he could not remember whether there was an access to the bath-

room from the hallway; and Burch conceded he had no idea how many people had access to the steps leading to the bathroom before the search occurred. Second, Defendant points to the statement attributed to him as recorded in Diveley's report, to wit, "the marijuana which was found in the house came from a friend of his who he refused to identify." Defendant says such statement is evidence the jury could have used to conclude Defendant "had no power or intent to exercise dominion or control over the marijuana found under the step since it did not belong to him."

■ "Ordinarily, a decision on whether a particular offense must be instructed upon as [a] lesser included offense[ ] must be made on a case by case basis." *State v. Warrington*, 884 S.W.2d 711, 717[5] (Mo. App.1994). Error occurs only if a trial court fails to instruct on lesser-included offenses that are supported by the evidence. *State v. Garrison*, 975 S.W.2d 460, 461 (Mo.App.1998).

■ As interpreted by Missouri appellate courts, § 556.046.2 limits the requirement of a lesser-included offense instruction to those cases where there is some *affirmative evidence* that could form the basis of an acquittal of the greater offense and a conviction of the lesser-in-

---

4. In material part, § 195.202 reads:
   "1. Except as authorized by sections 195.005 to 195.425, it is unlawful for any person to possess or have under his control a controlled substance."
   . . . .
   "3. Any person who violates this section with respect to not more than thirty-five grams of marijuana is guilty of a class A misdemeanor."

5. Section 556.046 reads:
   "1. A defendant may be convicted of an offense included in an offense charged in the ... information. An offense is so included when

   "(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or
   "(2) It is specifically denominated by statute as a lesser degree of the offense charged; or
   "(3) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein."
   "2. The court shall not be obligated to charge the jury with respect to an included offense unless there is basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense."

cluded offense.[6] *Id.* at 461[4]; *Warrington,* 884 S.W.2d at 717[6]. Moreover, it is fundamental that the affirmative evidence relied upon must have probative value. *Id.* "A defendant is not entitled to a lesser included offense instruction merely because the jury might disbelieve some of the state's evidence or decline to draw some or all of the permissible inferences." *Garrison,* 975 S.W.2d at 461–62[5]. On the other hand, a trial court in deciding whether to instruct on the lower degree of crime, must resolve all doubts about the evidence in favor of giving such instruction, leaving it to the jury to decide which of the two or more grades of crime, if any, a defendant is guilty. *Warrington,* 884 S.W.2d at 717[7].

◼ Measured by these principles, this court finds no error in the trial court's refusal to instruct the jury on the lower grade crime of possession of 35 grams or less. Since Defendant was not in actual possession of either cache of marijuana, the State had to prove Defendant "constructively" possessed the marijuana amounts. *See State v. Sours,* 946 S.W.2d 747, 752 (Mo.App.1997). "Constructive possession will suffice, even when joint control exists, as long as other facts buttress an inference that the defendant had knowledge of the marijuana's presence." *State v. Smith,* 850 S.W.2d 934, 943–44 (Mo.App.1993). A defendant's access to areas where drugs are found is an incriminating fact not destroyed because others may also have had access to both areas. *Id.* at 943[23]. Moreover, the presence of a large quantity of drugs, even if in different locations, also supports an inference of possession and control when consistent with all the circumstances. *Id.* at 944[24].

◼ The record here contains no affirmative evidence that would have allowed the jury to find Defendant constructively possessed the marijuana in the bedroom, but not that in the bathroom. The marijuana was in Defendant's master bedroom and in an adjoining bathroom connected to the master bedroom with "saloon-style" swinging doors. Whether there was a bathroom door other than the bedroom-bathroom connection is irrelevant because anyone entering either room had unobstructed access to the other via the swinging doors. For this same reason, Burch's testimony that he had no idea how many people had access to the bathroom step is not affirmative evidence that provides a basis for giving of the lesser-included instruction. This follows because no matter how many unknown persons there may have been who had access to the bathroom step, that same number would also have had access to the bedroom via the swinging door connection between the two rooms.

Defendant's second argument ignores what the record shows. As stated above, Defendant argues his post-Miranda statement, per Diveley's report, was evidence the jury could have used to find that De-

---

**6.** *State v. Beck,* 849 S.W.2d 668 (Mo.App. 1993) illustrates what is meant by the term "affirmative evidence" when deciding if an instruction on a lesser-included offense is mandated. In *Beck,* police found marijuana in three separate places: a box on Beck's person (2.36 grams), bags on the floor of the car Beck was driving (10.87 grams), and a briefcase in the back of Beck's car (108.64 grams). However, a passenger in Beck's car testified there was no briefcase and no marijuana in Beck's vehicle on the day of his arrest, and a witness who saw the arrest from a convenience store testified she saw a police officer take the briefcase from a police car to Beck's car and then return with it to the police car. The *Beck* court ruled that the testimony of the passenger and the convenience store witness left open the possibility that Beck possessed less than 35 grams of marijuana and that Beck was prejudiced when the jury was not given the charge of making that finding through a lesser-included offense instruction. *Id.* at 670–71[6].

fendant "had no power or intent to exercise dominion or control over the marijuana found *under the step* since it did not belong to him." (Emphasis supplied.) However, this argument mischaracterizes what Diveley's report said about Defendant's post-Miranda statement. Defendant's statement as found in Diveley's report was that "the marijuana which was found *in the house* came from a friend of his who he refused to identify." (Emphasis supplied.) This is evidence that supports the State's position, i.e., that Defendant himself made *no distinction* between the marijuana under the bathroom step and marijuana in his bedroom. Under the circumstances, evidence of Defendant's post-Miranda statement, as recorded in Diveley's report, does not show the trial court erred in refusing Instruction "A;" it supports the trial court's decision.

Affirmative evidence such as that from the *Beck* passenger and convenience store witness (*see* n. 6) is not in this case. The facts here are more akin to those in *Warrington* where we noted that evidence of marijuana in two locations in a motor vehicle, standing alone, was not the affirmative evidence that mandates the giving of a lesser-included misdemeanor instruction. 884 S.W.2d at 717[9]. Because the record here contains no affirmative, probative evidence from which the jury reasonably could have inferred that Defendant owned or possessed only the marijuana in the bedroom and not that in the bathroom, the trial court did not err in rejecting the proffered instruction on less than 35 grams of marijuana. Point denied.

The judgment is affirmed.

PARRISH, P.J., concurs.

MONTGOMERY, J., concurs.